[Civ. No. 3445.   Second Appellate District, Division One.—December 8, 1920.]

DAVID M. WARD, Respondent, v. WILLARD H. STIMSON et al., Appellants.

[1] CONTRACTS—REPAIR OF BOILER—ACTION UPON QUANTUM MERUIT—RESCISSION—EVIDENCE.—In this action to recover the reasonable value of materials furnished and labor performed by plaintiff at the special instance and request of defendants in repairing a steam boiler, a portion of which repairs was done under a special contract, which fixed the price to be paid therefor, the evidence was insufficient to support the finding of the trial court to the effect that such special contract was rescinded before its completion.

[2] ID.—FIXED CONTRACT PRICE—QUANTUM MERUIT—EVIDENCE.—In such action, proof that a part of the work was done under a special contract, which fixed the price to be paid therefor, fails to support the allegations of the complaint upon *quantum meruit* for the work done as a whole.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge. Reversed.

The facts are stated in the opinion of the court.

R. L. Horton for Appellants.

Harry C. Levey and Kemp & Clewett for Respondent.

SHAW, J.—Action to recover the reasonable value of materials furnished and labor performed by plaintiff at the special instance and request of defendants in repairing a steam boiler.

Judgment was rendered for plaintiff, from which defendants have appealed.

It appears without contradiction that, the boiler being in bad condition, defendants, upon an express contract, employed plaintiff to repair the same, at an agreed price of $124.50. The repairs called for the welding upon the boiler of what is termed a lip, some four and a half or five feet in length. Plaintiff himself testified that, while he did not recommend or guarantee that such repairs would prove successful, nevertheless, as done, it would have answered the purpose for which the welding was intended, if the state had allowed it. He says: "I did the work all right, but the authorities would not let it go"; that is, after the work was completed as ordered by defendants, the boiler inspector would not accept it. Thereupon plaintiff, in the absence of an express contract, and as ordered by defendants, furnished materials and did other work in repairing the boiler, for all of which, including the welding of the lip covered by the express contract, he sued herein to recover upon a *quantum meruit.*

In defense of the action, the answer alleged, first, the making of the express contract and that the work was done thereunder; and, second, that not only the work so called for, but all work done by plaintiff was faulty, imperfect, and improperly done and performed.

[1] As we view the case, it is unnecessary to consider the second defense pleaded, since the judgment must be reversed on account of insufficiency of the evidence to support the finding that while the work done under the express contract "was in progress and before the completion thereof by plaintiff, said defendants ordered plaintiff not to complete said work in accordance with said agreement, but ordered plaintiff to do different and other work in welding a patch in said boiler in place of extending and reinforcing the lip thereof, and that said work was done in said manner upon the order of said defendants through their said agent and engineer and not upon the advice or recommendation of said plaintiff and that plaintiff did not

50 Cal. App.—22

warrant or guarantee said work in any manner.'' That part of the finding to the effect that the contract was rescinded before its completion has no support in the evidence; on the contrary, as stated, the testimony of plaintiff himself shows that he performed all of the repair work called for by the express contract, for which he was to receive the sum of $124.50, which was the measure of his right to recover therefor. [2] Except as to the work performed other than that designated in the contract and for which there was no special arrangement, he was not, under the evidence, entitled to recover the reasonable value thereof. Since the proofs made show that a part of the work was done under a special contract, which fixed the price to be paid therefor, it necessarily fails to support the allegations of the complaint upon *quantum meruit* for the work done as a whole. In other words, as so often said, the *probata* and *allegata* do not correspond. (*O'Connor* v. *Dingley,* 26 Cal. 11; *Roche* v. *Baldwin,* 135 Cal. 522, [65 Pac. 459, 67 Pac. 903], and cases therein cited.)

Clearly, under the evidence offered, plaintiff's right to recover for the work which he fully performed under the special contract should be limited to the amount specified therein. The judgment in effect grants him a recovery for the reasonable value thereof, which may be greatly in excess of the price at which he agreed to do the work.

Our conclusion renders it unnecessary to discuss other alleged errors pertaining to the character of the work and rulings of the court in admitting testimony.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.